## Pasco McClelland v. The State.

No. 20876. Delivered February 28, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*John Duhig,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant challenges the sufficiency of the evidence to warrant and sustain his conviction. The testimony adduced by the State, briefly stated, shows that Mrs. Francis F. Bates, a widow, together with her two minor children, lived in Houston, Texas. On or about the 22d day of April, 1939, someone attempted to enter her home through a window. Her son was awake at the time. He heard some noise at the window and saw a man trying to enter the house. He awakened his mother, Mrs. Bates, who saw a man with both arms on the window sill and screen resting on his back. The son telephoned the police department who immediately responded to the call. An

investigation revealed the fact that the screen had a hole punched through it at each of the three places where it was fastened with hooks. These hooks had been unfastened. A pair of trousers belonging to the son were found in the drive way. These had been taken from inside of the house. A few minutes later appellant was arrested in the immediate vicinity and taken before Mrs. Bates and her son, who identified him as the man who they saw at the window of her home. Upon the trial, they again identified him as the person who they saw at the window of their home on the night in question. Appellant did not testify or offer any affirmative defense. In our opinion the evidence is sufficient under Art. 1393 P. C. to show a burglary of a private residence at night. The identification of appellant was also sufficient.

Appellant complains because the court overruled his motion for a continuance. He failed to except to the ruling of the court thereon and bring the matter before this court for review by a proper bill of exception. Hence we cannot consider the same. See Womack v. State, 170 S. W., 140; Northcutt v. State, 158 S. W., 1005; Sec. 304 Branch's Ann. P. C., p. 183 and authorities there collated.

It also appears that appellant filed a plea in the nature of a plea of former jeopardy, but the record fails to disclose that any evidence was introduced in support of the plea, or any exception taken to the court's action thereon. Hence the matter is not properly before this court for review.

It follows that the judgment of the trial court must be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After carefully re-examining the record in the light of appellant's motion for rehearing we are constrained to hold that the proper disposition was made of the questions presented by appellant in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.